UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JUAN GIL,

                Plaintiff,                         **COMPLAINT**

  -against-

MOVING RIGHT ALONG SERVICE INC.,

                Defendant.
------------------------------------------------------------------------X

      Plaintiff, JUAN GIL ("Plaintiff"), by and through his attorneys, the Law Office of Peter A. Romero PLLC, complaining of the Defendant, MOVING RIGHT ALONG SERVICE INC. ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

      1.     Plaintiff brings this action against Defendant to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA"), under the New York Labor Law Articles 6 and 19, § 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 ("New York Labor Law").

## JURISDICTION AND VENUE

      2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

      3.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

      4.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391.

## PARTIES

      5.     Plaintiff is a resident of the State of New York.

6. At all times relevant, Plaintiff was an "employee" within the meaning of the FLSA and NYLL.

7. Defendant is a domestic business corporation with its principal place of business located in Queens, New York.

8. At all times relevant, Defendant was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d). Defendant was and still is an "employer" within the meaning of NYLL § 190(3).

9. At all relevant times, Defendants were subject to the requirements of the FLSA because they had annual gross revenue of at least $500,000, were engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

## FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant as an hourly-paid warehouse worker from in or July 2003 to in or about October 2021.

11. Throughout his employment with Defendant, Plaintiff regularly worked more than 40 hours in a single workweek. Defendant failed to pay Plaintiff overtime at a rate not less than one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a single workweek in violation of the NYLL and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

12. For example, during the pay period beginning August 5, 2021 and ending August 11, 2021, Plaintiff worked a total of 86.25 hours. Defendant paid Plaintiff for all hours worked during that period at his regular rate of $23.00 for a total of $1,983.75. Defendant failed to

compensate Plaintiff for those hours worked after 40 hours at a rate of one and one-half times his regular rate of pay.

13. Defendant willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff.

14. Defendant failed to provide Plaintiff with a notice and acknowledgement of his wage rate upon Plaintiff's hire as required by Labor Law §195.

15. Defendant failed to provide Plaintiff with an accurate wage statement each pay period as required by Labor Law §195.

16. Defendant failed to post required notices regarding payment of minimum wages and overtime as required by the FLSA and NYLL.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

17. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

18. Defendant employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiff for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the FLSA.

19. Defendant's violations of the FLSA, as described in this Complaint have been willful and intentional.

20. As a result of Defendants' unlawful acts, Plaintiff is entitled to recover overtime compensation and other wages in amounts to be determined at trial, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

21. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

22. Defendant employed Plaintiff for workweeks longer than forty (40) hours and willfully failed to compensate Plaintiff for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times the minimum wage rate in violation of New York Labor Law.

23. By Defendant's failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, Defendant has willfully violated the New York Labor Law and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

24. Plaintiff is entitled to recover from Defendant unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(1)

25. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Defendants failed to provide Plaintiff with a written notice upon hire regarding his rate of pay; the basis of his rate of pay; the employee's regular pay day; the name, address and telephone number of the employer; and other information required by Section 195 of the New York Labor Law.

27. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW SECTION 195(3)

28. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

29. Defendants failed to provide Plaintiff with an accurate statement of his wages each pay period as required by Section 195 of the Labor Law.

30. Due to Defendant's failure to provide Plaintiff with the notice and statement required by Section 195 of the Labor Law, Plaintiff is entitled to statutory damages in the amount of $5,000.00.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

i. Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 et seq. and the supporting United States Department of Labor regulations;

ii. Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

iii. Unpaid wages pursuant to New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, plus liquidated damages and pre- and post-Judgment interest;

iv. Damages pursuant to NYLL § 198;

v. Reasonable attorneys' fees and the costs incurred in prosecuting these claims;

vi. Pre-judgment and post-judgment interest as permitted by law; and

vii. Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
June 20, 2022

                       LAW OFFICE OF PETER A. ROMERO PLLC

By: */s Peter A. Romero*

                       Peter A. Romero, Esq.
                       490 Wheeler Road, Suite 250
                       Hauppauge, New York 11788
                       Tel. (631) 257-5588
                       promero@romerolawny.com

                       *Attorneys for Plaintiff*